UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

BERTHA ALICIA CASTRO ANARIBA,        :

:

Petitioner,        :

:

-v-        :

:

KENNETH GENALO et al.,        :

:

Respondents.        :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_03/04/2026__

26-cv-1729 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Petitioner Bertha Alicia Castro Anariba ("Petitioner") submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 3, 2026.  Petitioner is a 53-year-old resident of Huntington Station, New York who has lived in New York for over four years.  Dkt. No. 1 (the "Pet.") ¶ 8.  She has no criminal history.  *Id.*  On March 2, she was a passenger in a car driven by another woman, when local police stopped the car.  *Id.* ¶ 9.  ICE was contacted, and petitioner was seized at the scene.  *Id.*  No Notice to Appear was filed in immigration court until March 3, 2026.  *Id.* ¶ 10.  Petitioner is detained at 26 Federal Plaza in New York.  *Id.* ¶ 11; Dkt. No. 6.

Upon receipt of the petition, the Court ordered Respondents to respond by 5:00 p.m. on March 4, 2026, setting forth (1) whether Petitioner was located in the Southern District of New York at the time of filing; (2) Petitioner's A-number, current place of detention, and a contact person who can facilitate counsel's access to Petitioner; (3) the statutory authority under which they assert the authority to detain Petitioner; (4) if that authority is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish the case from this Court's opinion in *Tumba v. Francis*, 2025 WL 3079014 (S.D.N.Y. Nov. 4, 2025); (5) a copy of any final order of removal; and (6) an

information regarding the procedural posture of any pending Department of Homeland Security of Executive Office for Immigration Review proceedings.  Dkt. No. 3.

Respondents timely submitted responsive papers.  Dkt. No. 6.  The submission explains that venue is proper, and that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  The submission explains also that the case "is not materially distinguishable from *Tumba*," and "acknowledges" that decision as governing the outcome.  *Id.* at 2.  "To conserve judicial resources and to expedite the Court's consideration of the case," the Government "relies upon, and incorporates by reference, the legal arguments It presented in *Tumba*."  *Id.*  The Court adheres to its decision in *Tumba* and finds that to detain Petitioner, Respondents must comply with 8 U.S.C. § 1226(a).  Petitioner's detention is not mandatory and requires the exercise of discretion.  *See Tumba*, 2025 WL 3079014, at *2–6; *Cardenas v. Almodovar*, 2025 WL 3215573, at *2–3 (S.D.N.Y. Nov. 18, 2025).

Respondents have not asserted that he should be detained under 8 U.S.C. § 1226(a) that could support Petitioner's continued detention.  The appropriate remedy is his immediate release.  The petition for a writ of habeas corpus is GRANTED.  Respondents are ordered to release Petitioner from custody no later than 7:00 p.m. on March 4, 2026, and to certify compliance with the Court's order by filing an entry on the docket by the end of the day, March 4, 2026.  The Clerk of Court is directed to close this case.  The conference scheduled for March 5, 2026 is cancelled.

SO ORDERED.

Dated: March 4, 2026
      New York, New York
                                     LEWIS J. LIMAN
                             United States District Judge